**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 10, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRANDON LEE MAYFIELD,

    Defendant - Appellant.

No. 24-5020
(D.C. No. 4:22-CR-00242-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.**
_____

A grand jury indicted Defendant Brandon Lee Mayfield on one count of possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant pleaded guilty to this crime. Defendant's record includes four prior felony convictions—three for domestic assault and battery by strangulation; and one for domestic assault and battery, second offense.

---

   * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

   ** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Congress long ago prohibited felons from possessing firearms. 18 U.S.C § 922(g)(1). Defendant moved to dismiss the indictment against him based on the Supreme Court's decision in New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1 (2022), which created a new test for the scope of the right to possess firearms. Defendant filed a motion to dismiss the indictment under Bruen. The district court denied Defendant's motion to dismiss. Defendant pleaded guilty but preserved his right to appeal the denial of his motion to dismiss. The district court sentenced Defendant to 180 months' imprisonment and five years' supervised release.

Defendant timely filed a notice of appeal. Before Defendant's sentencing, we decided Vincent v. Garland, 80 F.4th 1197 (10th Cir. 2023), holding that Bruen does not expressly overrule our precedent from United States v. McCane, 573 F.3d 1037 (10th Cir. 2009). Accordingly, we upheld the constitutionality of § 922(g)(1) in Vincent.

Even so, Defendant argues on appeal that § 922(g)(1) violates the Second Amendment because the Government has not, and cannot, establish a historical tradition of disarming felons under Bruen. But Defendant acknowledges that Vincent forecloses his Second Amendment challenges to § 922(g)(1), and he brings these arguments for preservation only.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's decision rejecting Defendant's attack on the constitutionality of 18 U.S.C. § 922(g)(1).

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge